Curran, Dennis J., J.
The plaintiffs seek leave to expand the administrative record after an unfavorable decision was issued against them relating to a Southbridge Recycling and Disposal Park, Inc. For the reasons that follow, their motion is largely DENIED in part and ALLOWED in part.
The plaintiffs seek to include sixteen items into the record. The record already includes the notices of the public hearing, transcripts of all hearings and argument, all exhibits marked into evidence, an index of chalks referred to during the proceedings, all pleadings and motions filed by the parties, all rulings by the hearing officer, all closing memoranda and briefs, the Final Decision and Statement of Conditions, public notice of the Final Decision, the proponent’s site assignment modification, participant registration forms and certificate of service, all totaling some 3,682 pages. These designations comply with G.L.c. 30A, Section 14, 310 C.M.R. section 16 et seq. The documents the plaintiffs now seek to include are largely additional statements and documents not admitted as evidence during the administrative proceedings. The standard for exclusion is whether the disputed statements and documents “set forth motives and thought processes used [by the agency] in arriving at [its] decision.” Douglas Environmental Associates, Inc. et al. v. Department of Environmental Protection et al., 429 Mass. 71 (1999).
We review each document proffered by the plaintiff.
Exhibit Nos. 1-3. These first three items relate to the issue of whether the Southbridge Board of Health is a “legally designated health authority.” The plaintiffs contend that the Board was illegally organized and not a “legally designated health authority as defined in 310 C.M.R. 16.20.” They propose to include hearsay communications, the town charter and bylaws and other unauthenticated public documents to make the point. But the plaintiffs also lack standing to raise this issue. The proceeding below was limited to damage to the environment. The issue of whether the Board was properly constituted was neither an issue considered during the public hearings nor part of the proceedings below. These documents ought not be included in the administrative record.
Exhibit Nos. 4-7. These documents, too, were neither offered by the plaintiffs during the public hearings, nor authenticated as admissible evidence. They were also not admitted into evidence by the hearing officer. They include emails created in 1999, a letter from the Department of Environmental Protection about a processing facility located on another property, and drafts of conditions circulated among the Board during the deliberative process. From a policy *441 perspective, it would stifle open debate and chill the deliberative process if decision-makers knew that every tentative thought they had during deliberations might be exposed to public scrutiny. It would encourage posturing and hinder substantive decision-making. From a legal perspective, documents that set forth motives and thought processes are inappropriate for inclusion in an administrative record. See Douglas', but see the following discussion as to the audiotapes of the Board’s deliberations.
Exhibits Nos. 8-10. These requests seek to include Board minutes and transcripts of hearings that occurred well before or after the public hearings on this case. They also seek to include the videotaped hearings of Board deliberations on this case. That the Board audiotaped their own deliberations is different, but since they have done so, such audiotapes fall within the categoiy of “set[ting] forth the motives and thought processes used in arriving at the agency decision,” and are thus excluded from the administrative record. See Douglas. Neither the transcripts nor the minutes of pre- or post- Board meetings are appropriate for inclusion since they were neither considered by the Board nor made part of the proceedings. Moreover, since the Board audiotaped its own deliberations, which they clearly relied on “arriving at the agency’s decision” (indeed, they were part and parcel of the Board’s decision), the plaintiffs motion to so include such audiotapes must also fail.
Exhibit Nos. 11-15. The documents in question are alleged to show irregularities in the public hearing process. But once again, the plaintiffs lack standing, since their statutory challenge is limited only to damage to the environmental issues. Moreover, the documents were never introduced into evidence and thus, not a part of the administrative record. As they stand, the documents in question constitute inadmissible hearsay.
Exhibit No. 16. The defendant Board does not object to this exhibit being substituted for existing Tab 47.
ORDER
The plaintiffs’ motion to expand the administrative record to include proffered exhibits numbered 1 through 15 is DENIED; further, the motion as to proposed exhibit number 16 is ALLOWED.